IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TERMINALRAILROAD ASSOCIATION OF ST. LOUIS, *et al.*,,  Petitioners/Movants  vs.  ALL PLAINTIFFS IN RE:  EAST PALESTINE TRAIN DERAILMENT,  Respondents | Case No. 24-mc-00005-DWD |

**MEMORANDUM & ORDER**

**DUGAN, District Judge:**

Petitioners/Movants Terminal Railroad Association of St. Louis ("TRRA") and its employees Joe Bentrup, Josh Dehn, Alex Haase, Brad Koch and Joe Oliver's Motion to Quash Subpoenas or, in the alternative, to Stay and Modify (Doc. 2) and Motion for Emergency Hearing (Doc. 3) are pending before the Court. Petitioners/Movants move the Court to quash the foreign subpoenas served upon these non-parties and/or, in the alternative, stay their respective depositions and modify the subpoenas, and for attorneys' fees and costs in bringing the motion. TRRA and its Employees request that the Court quash the foreign subpoenas for failure to properly serve, failure to allow reasonable time to comply and for placing an undue burden on TRRA and its Employees, as well as counsel for the same. In the alternative, TRRA and its Employees request that the Court stay and modify the subpoenas to allow for a reasonable time to prepare and comply as well as allow for the depositions to be set on several days to reduce the undue burden on TRRA and its Employees.

On January 30, 2024, counsel for Respondents issued five (5) foreign subpoenas from the Northern District of Ohio for the deposition testimony of Joe Bentrup, Josh Dehn, Alex Haase, Brad Koch, and Joe Oliver in *In re: East Palestine Train Derailment*, No. 4:23-00242 (N.D. Ohio filed Feb. 7, 2023), a putative class action currently pending on the docket of U.S. District Judge Benita Y. Pearson. The foreign subpoenas all request appearance for videotaped deposition on February 5, 2024. In the case pending before Judge Pearson, Plaintiffs seek to represent a putative class "upwards of 500,000 Class Members" (Doc. 138 in No. 4:23-00242 at PageID #: 1806, ¶ 188), and propose classes and subclasses spanning three (3) States and nearly 3,000 square miles encompassed by a 30-mile radius around the derailment site. In addition, fact discovery in the underlying litigation was to have been completed on or before February 5, 2024. *See* Order (Doc. 301 in No. 4:23-00242 at PageID #: 3459) in which Judge Pearson also states "[t]he Court is not inclined to enlarge any other current cutoff dates set forth in ECF No. 98 [the Case Management Plan]."

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances…." Fed. R. Civ. P. 45(f). Regarding exceptional circumstances, the Advisory Committee Notes provide, in relevant part:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-

2

related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts…

FED. R. CIV. P. 45, Advisory Committee Notes to 2013 Amendment.

The pending Motion to Quash Subpoenas or, in the alternative, to Stay and Modify would be more expeditiously decided if it were transferred to the to the United States District Court for the Northern District of Ohio, the court that issued the subpoenas and where the underlying action is currently pending. Given the case management schedule set by Judge Pearson, the undersigned finds that exceptional circumstances exist. That court is familiar with the underlying issues and is in a much better position to make a proper ruling on the discovery dispute. The Court, therefore, exercises its discretion to transfer the Motion to Quash Subpoenas or, in the alternative, to Stay and Modify (Doc. 2) and Motion for Emergency Hearing (Doc. 3) to the Northern District of Ohio, Eastern Division at Youngstown for resolution.

For these reasons, the Court **DIRECTS** the Clerk of Court to transfer the Motion to Quash Subpoenas or, in the alternative, to Stay and Modify (Doc. 2) and Motion for Emergency Hearing (Doc. 3) to the Northern District of Ohio, Eastern Division at Youngstown. The Clerk is further **DIRECTED** to close this case.

**SO ORDERED.**

Dated: February 7, 2024

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge

3